IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AMANDA WOLBERG,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE

Defendants.

Case. No. 6:26-cv-01359-MC

OPINION & ORDER

---

MCSHANE, Judge:

Plaintiff Amanda Wolberg, proceeding *pro se*, brings a claim under the Freedom of Information Act ("FOIA" or "the Act") against the Federal Bureau of Investigation ("FBI") and the U.S. Department of Justice. Compl., ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* in this action. ECF No. 2. Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel. ECF No. 3.

Because the Court is satisfied with Plaintiff's showing of indigency, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Because Plaintiff does not plausibly establish her FOIA request at issue was improperly denied, the Court finds the Complaint is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B). Because further amendment would be futile, the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

## LEGAL STANDARD

### I. Proceedings *In Forma Pauperis*

This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

### II. Civil Rights Pleading Standard

When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## DISCUSSION

### I. The Complaint

Plaintiff alleges that in February of 2026 she submitted a FOIA request regarding "[her]

own personal records" to the FBI. Compl. 2. The FBI "refused" to provide Plaintiff the records she requested. *Id.* Plaintiff then appealed the FBI's decision rejecting her request. On June 30, 2026, the U.S. Department of Justice informed Plaintiff it was affirming the FBI's decision on her request. Compl. Ex. A, ECF No. 1-2 at 1 (response to "Appeal No. A-2026-01242"). Having completed the administrative appeal of her request, Plaintiff brought a claim in this Court. *Id.*; *see also* 5 U.S.C. § 552(a)(4)(B).

The purpose of the Act is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Disclosure, rather than secrecy, "is the dominant objective of the Act." *Id.* Accordingly, any person has the right to request and obtain access to certain government records unless the records are protected from disclosure by a statutory exemption. *See* 5 U.S.C. § 552. The Act states, in part, that each governmental agency "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." § 552(a)(3). If the governmental agency fails to comply with the terms of the Act, federal courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B).

Plaintiff asserts she seeks disclosure of information pertaining to herself, but also that "the records being withheld are protecting a network of corruption and child trafficking." Compl. 2–3. Plaintiff asserts she has "submitted I believe around 6000 tips" to the FBI "regarding a child trafficking network that remains unchecked and that [she] [has] been stalked by." *Id.* at 2.

Plaintiff's request implicates Exemption 6 and Exemption 7 to disclosure codified at 5 U.S.C. § 552(b). *See Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) ("[T]hese limited [and exhaustive] exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." (citing § 552(b)–(c))). Under Exemption 6, disclosure is not required for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). Under Exemption 7(C), disclosure is not required for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C).

Plaintiff's FOIA request is likely subject to Exemption 7. When a privacy interest is protected by Exemption 7(C), the person requesting information must provide sufficient evidence of a significant public interest in the disclosure of the requested material. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004). If, as here, a plaintiff asserts as significant public interest in government officials' negligent or improper performance of their duties, the plaintiff must "establish more than a bare suspicion in order to obtain disclosure." *Id.* at 174. There must be evidence to "warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.*; *see also Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 978 (9th Cir. 2009) ("[T]he evidence must show some nexus between the specific requested information and unveiling agency misconduct."). *Favish* involved a FOIA request by the plaintiff, Mr. Favish, who believed government misconduct was afoot in the investigation of the death of Vince Foster, former Deputy Counsel to former President Bill Clinton. 541 U.S. at 160–61. Mr. Favish requested ten death-scene photos, disbelieving the government's conclusion that Foster committed

suicide. *Id.* at 161. The Office of Independent Counsel denied Mr. Favish's FOIA request based on Exemption 7(C) because the release of the photos would constitute an unreasonable invasion of personal privacy. *Id.* Upon review, the Supreme Court acknowledged that "public interest in uncovering deficiencies or misfeasance in the Government's investigations" was significant. *Id.* at 173. Even so, to outweigh the privacy interests protected by Exemption 7(C), the Supreme Court held a FOIA requester must produce evidence that warrants a reasonable belief that the alleged government misconduct might have occurred. *Id.* at 174. Mr. Favish's skepticism standing alone was not sufficient. *Id.* at 175.

This Court applied *Favish* and found similarly in *Brown v. Fed. Bureau of Investigation*. 2022 WL 888202, at *3 (D. Or. Mar. 25, 2022). The plaintiff there, Mr. Brown, sought the release of information related to what he believed to be a fabricated story, contrived by government officials, in the wake of a San Bernardino, California shooting to cover up what was in reality an instance of "state terrorism perpetrated by government 'death squads.'" *Id.* Mr. Brown pointed to witness statements describing a "team of men as the true perpetrators of the shooting," and who he characterized as "overtly military in appearance" and as "drastically" different from the shooters the FBI identified. *Id.* He also produced a news article about the shooting that stated the FBI identified only two shooters, whereas witnesses claimed there were shooters. *Id.* This Court nevertheless concluded that the plaintiff's suggestion of "a covert military operation designed as a form of political suppression and social control" was ultimately based on no more than "bare suspicion." *Id.* ("Plaintiff's news articles and evidence of witness statements merely reflect that some witnesses saw three shooters, while the FBI was able to affirmatively identify only two shooters.").

Here, Plaintiff provides the Court with no support in the Complaint for the existence of the

"network of corruption and child trafficking" she claims exists, nor how the records she alleges are being unlawfully withheld are "protecting" this "network." Plaintiff first claims to have identified an apparent conflict in the responses she received; while the FBI gave "explicit . . . reasons for not releasing [her] records," later, upon affirming the earlier decision not to release records, the Department of Justice then represented "that the requested records do not even exist." Compl. 2. However, the statement that "no responsive records" were located does not introduce any contradiction or support a reasonable belief of underlying government misconduct.[1]

In addition, Plaintiff refers in passing to another lawsuit she filed with this Court, *Wolberg v. United States Government*, Case No. 6:26-cv-01171-MC. There, this Court heard Plaintiff's allegations of "conduct by multiple individuals, named and unnamed, the University of Oregon, a church, various businesses, a hospital, and law enforcement and intelligence agencies that allegedly caused her individual harm, all of which share a connection to an alleged pervasive and violent human trafficking conspiracy she has uncovered across Oregon." *Wolberg*, ECF No. 7 at 4. In considering these allegations, this Court first found them "unintelligible, and where they are intelligible, they are frivolous, based on spurious and fantastical allegations" (*id.*), and thereafter concluded Plaintiff failed to state a claim. *Wolberg*, ECF No. 19 at 3.

As to Exemption 6, Plaintiff asserts she cannot violate her own privacy. Compl. 2. Even accepting Plaintiff's view at this stage, as discussed, the Complaint is overwhelmingly concerned with information that plainly pertains to others in the context of "a child trafficking network that remains unchecked." *Id.* Because Plaintiff's Complaint is inextricably tied to these third-party

[1] Plaintiff also expresses suspicion about the Department of Justice's statement that the "Office [of information Policy] was closed due to a lapse in funding appropriations between October 1, 2025, and November 12, 2025, which resulted in a delay in responding to [her] appeal" (Compl. Ex. A), because she was in jail during this period. Compl. 3. This statement merely expresses that the Department of Justice faced a backlog following the federal government shutdown in October and November 2025 and that Plaintiff's February 2026 request was impacted by this backlog. It does not imply the FBI or Department of Justice conducted an inadequate search for records.

issues, Exemption 6 likely also applies to Plaintiff's request.

## II. **Appointment of Pro Bono Counsel**

There is no constitutional right to counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). Whether "exceptional circumstances" exist depends on two factors to be viewed together: "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)). The decision to appoint counsel is "within the sound discretion of the trial court." *Agyeman*, 390 F.3d at 1103 (quotation marks omitted).

Appointment of pro bono counsel is not appropriate here. First, Plaintiff has not demonstrated that she is likely to succeed on the merits of her claims. *E.g.*, *Gener v. Trump*, 2025 WL 3067906, at *1 (D. Or. Nov. 3, 2025) (citing *Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1–2 (9th Cir. July 5, 2022)). Even if Plaintiff faces certain challenges pursuing and presenting her case, her circumstances are not exceptionally different from the same challenges faced by most self-represented litigants. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A need to develop facts and arguments at the pleading stage is not an exceptional circumstance. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (concluding lack of access to legal materials constituted type of "difficult[y] which any litigant would have in proceeding pro se" and

was therefore not an "exceptional factor[]"). Plaintiff's financial hardship also does not provide a legally sufficient reason for the Court to find exceptional circumstances here; nearly every litigant proceeding *in forma pauperis* and requesting appointment of pro bono counsel faces financial difficulties in retaining their own attorney.[2]

## III. Leave to Amend

If a court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. *Id.* at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1107–11. To assess futility of further amendment, the Court considers whether "deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F3d 984, 995 (9th Cir. 2011).

Here, even though Plaintiff is *pro se* and her pleadings have not previously been dismissed in this case, it is clear upon careful consideration of the Complaint that further amendment consistent with its allegations would not bring Plaintiff closer to plausibly stating a claim for relief. Accordingly, the Court denies Plaintiff leave to amend the Complaint and dismisses this action with prejudice. *See Cato*, 70 F.3d at 1107–11.

---

[2] Plaintiff is also advised of the resources on the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," available to the public at: https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

**CONCLUSION**

The Court finds as follows:

- Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED.
- For the reasons explained above, the Complaint (ECF No. 1) is DISMISSED.
- Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

Because the Court finds that the pleading deficiencies in the Complaint cannot be cured by further amendment, the Complaint shall be DISMISSED WITH PREJUDICE. The Court shall enter Judgment dismissing this action.

IT IS SO ORDERED.

DATED this 28th day of August 2026.

_____/s/ Michael McShane__________
Michael McShane
United States District Judge